574    APPELLATE COURTS OF ILLINOIS.

Ribordy v. Comm'rs of Drainage Dist. No. 3, 187 Ill. App. 574.

## Camille F. Ribordy, Appellant, v. Commissioners of Drainage District No. 3, Town of Montmorency, Appellees

### Gen. No. 5,950.    (Not to be reported in full.)

Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914.

### Statement of the Case.

Bill by Camille F. Ribordy against Commissioners of Drainage District No. 3 to recover back money paid by complainant to the district on a void drainage assessment. The prayer of the bill was that defendant be restrained from expending any moneys paid into the treasury by the complainant for the purpose of paying any costs or expenses attendant upon the levy and collection of the assessment and proceedings preliminary thereto, and that it be required to pay complainant the full amount of the assessment paid by him, or if they have expended any of said moneys and therefore can repay the whole of said sum that they be decreed to pay such portion of said sum as they have in the treasury and levy an assessment to make up the deficiency and on its collection pay the same to the complainant. A decree was entered ordering the defendants to return to complainant $178.91 of the money so paid by him and retain the balance. The complainant failing to obtain all the relief prayed, appeals.

The complainant at the time of the levy and collection of the assessment was treasurer and the assessment on his own land he paid to himself as treasurer, but prior to the filing of his bill he had ceased to be treasurer and had turned over to his successor in office the moneys collected on the assessment.

Part of the landowners refused to make payments under the assessments and were returned delinquent, and on application for judgments objections to the assessments were stricken and judgment entered as applied for. The objectors appealed from the judgment to the Supreme Court and the judgment was reversed and the cause remanded in *People ex rel. Vaughn v. Welch*, 252 Ill. 167. No further effort was made to collect the assessment.

HENRY C. WARD, for appellant.

CARL E. SHELDON, for appellees.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. DRAINAGE, § 164*—*right to recover back money paid under void assessment.* Where a treasurer of a farm drainage district paid to himself as treasurer a void assessment on his land, and the greater part of the sums collected on such assessment was paid out for the cost of making and collecting the assessment, *held* on a bill filed by him after he had ceased to be treasurer and had turned over the money in his hands to his successor that he was not entitled to his full proportionate share of the money left in the treasury as against persons who had unpaid just claims in the creation of which he was an active participant.

2. DRAINAGE, § 128*—*power of commissioners to levy assessments.* Drainage commissioners cannot create a debt and then levy an assessment to pay it.

3. DRAINAGE, § 128*—*when drainage commissioners cannot be required to levy assessment to refund void taxes paid.* Where a landowner has paid a void drainage assessment and a portion of the funds paid has been expended in paying the cost of making and collecting the assessment, he is not entitled on bill filed to recover back the money paid to a decree requiring the drainage commissioners to levy an assessment to make up the deficiency.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.